PFS:df

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.    00-6154-CR-DIMITROULEAS



UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM HAWKINS,

Defendant.
_____/

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVER ORDER

The United States hereby files this response to the Standing
Discovery Order.   This response also complies with Local Rule
88.10 and Federal Rule of Criminal Procedure 16, and is numbered
to correspond with Local Rule 88.10.

- A.   1.   The government is in possession of 133 cassette
            tape recordings containing approximately 1000
            conversations regarding court authorized wire
            interceptions.   The government is further in
            possession of approximately 41 cassette tape
            recordings corresponding to consensually recorded
            conversations.   One full set of tapes and
            transcripts will be provided to an attorney
            designated by counsel for use by all parties.

-       2.   The government is unaware of any oral statements
            made by the defendant before or after arrest in
            response to interrogation by any person then known
            to the defendant to be a government agent that the
            government intends to use at trial.

-       3.   No defendant testified before the Grand Jury.

-       4.   The NCIC record of the defendant, if any exists,
            will be made available upon receipt by this
            office.



     5.    Books, papers, documents, photographs, tangible
objects, buildings or places which the government
intends to use as evidence at trial to prove its
case in chief, or were obtained or belonging to
the defendant may be inspected at a mutually
convenient time at the Office of the United States
Attorney, 500 East Broward Blvd., Suite 700, Fort
Lauderdale, Florida.  Please call the undersigned
to set up a date and time that is convenient to
all counsel.

     6.    Not applicable.

B.     DEMAND FOR RECIPROCAL DISCOVERY: The United States
requests the disclosure and production of
materials enumerated as items 1, 2 and 3 of
Section B of the Standing Discovery Order.  This
request is also made pursuant to Rule 16(b) of the
Federal Rules of Criminal Procedure.

C.     The government will disclose any information or
material which may be favorable on the issues of
guilt or punishment within the scope of <u>Brady v.
Maryland</u>, 373 U.S. 83 (1963), and <u>United States v.
Agurs</u>, 427 U.S. 97 (1976).

D.     The government will disclose under separate cover
any payments, promises of immunity, leniency,
preferential treatment, or other inducements made
to prospective government witnesses, within the
scope of <u>Giglio v. United States</u>, 405 U.S. 150
(1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.     The government will disclose under separate cover
any prior convictions of any alleged co-
conspirator, accomplice or informant who will
testify for the government at  trial.

F.     Not applicable.

G.     The government has advised its agents and officers
involved in this case to preserve all rough notes.

H.     The government will timely advise the defendant of
its intent, if any, to introduce during its case
in chief proof of evidence pursuant to F.R.E.
404(b).  You are hereby on notice that all
evidence made available to you for inspection, as
well as all statements disclosed herein or in any
future discovery letter, may be offered in the
trial of this cause, under F.R.E. 404(b) or

2

otherwise (including the inextricably-intertwined doctrine).

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      No contraband is involved in this indictment.

L.      Not applicable.

M.      Not applicable.

N.      The government will under separate cover, provide notice of summary and expert testimony that it reasonably expects to offer at trial, such testimony will include gambling records analysis and organized crime structure analysis.

O.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference.

P.      At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:

PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY
Court ID #: A5500086
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida   33394
Telephone: (954) 356-7392
Facsimile: (954) 356-7230

4

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this ___ day of _____, 2000 to:

Simon T. Steckel, Esquire
701 Brickell Ave., Suite 3260
Miami, FL 33131


PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

5